# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

v.                                                           CASE NO. 4:98cr46-RH/WCS

CLAUDE LOUIS DUBOC,

      Defendant.

_____/

## ORDER GRANTING LEAVE TO PROCEED
## IN FORMA PAUPERIS ON APPEAL AND
## DEFERRING APPOINTMENT OF COUNSEL

Defendant was convicted in a jury trial on multiple counts, was sentenced, and appealed. The United States Court of Appeals affirmed the conviction on one count, reversed the conviction on the other counts, and remanded for resentencing. On remand, defendant was sentenced to 60 months in prison, the statutory maximum on the sole remaining count of conviction. This was well below the otherwise applicable guidelines range.[1]

Under the circumstances, it was clear that the appropriate sentence was 60 months. Indeed, defendant made no real argument for a lower sentence. His

---

[1] At the time of re-sentencing, the guidelines range was advisory. *See United States v. Booker*, 125 S. Ct. 738 (2005).

argument was, instead, that the 60-month sentence should be made concurrent with, rather than consecutive to, the life sentence that had been imposed in a prior case in this district, which already had been upheld on appeal. Defendant argued that, while he would serve life in any event, the imposition of a consecutive sentence would affect his designation within the Bureau of Prisons. Because the offense in the case at bar was separate from, and occurred after, the offense for which the life sentence was imposed, I determined, as a matter of discretion, to make the sentence in the case at bar consecutive to the prior sentence. I included in the judgment, however, a recommendation to the Bureau of Prisons that it designate defendant as deemed appropriate under all the circumstances but without separate adverse effects based on the fact that defendant's sentence was made consecutive to, rather than concurrent with, the prior life sentence.

Defendant was represented in this court by retained attorneys Stephen N. Bernstein, William Edward Bubsey, and others. At defendant's request, the clerk of the court has filed on defendant's behalf a notice of appeal from the judgment imposing the 60-month sentence. Defendant himself has filed both a Form CJA 23 financial affidavit (document 412) and a letter to the clerk of the court stating that he intends either to represent himself on appeal or, if approved by the court, proceed through a court-appointed attorney. (Document 407.) In the letter, defendant requests appointment of Mr. Bubsey.

*Case No: 4:98cr46-RH/WCS*

Defendant's financial affidavit reports no assets. In light of defendant's prior acts as shown by the evidence in this case—including secreting some $20 million in a foreign bank account—it is uncertain that the financial affidavit is correct. Nonetheless, I find that any assets within defendant's ownership, possession, or control are unavailable for retention of counsel, in light of the fine (in this case) and fines and forfeitures (in Case No. 1:94cr1009 in this district) that have been separately imposed. Appointment of counsel thus will be appropriate if (a) defendant's previously retained attorneys are granted leave to withdraw, and (b) those attorneys have not already been paid for handling this appeal.

So that these matters may be appropriately addressed,

IT IS ORDERED:

1. Defendant's Form CJA 23 Financial Affidavit (document 412), construed as a motion for leave to proceed on appeal in forma pauperis, is GRANTED.

2. Stephen N. Bernstein and William Edward Bubsey remain attorneys of record in this court pending the filing of a motion to withdraw. Any such motion will be granted if and only if supported by one or more declarations (or other evidence) setting forth the financial arrangements under which defendant's retained attorneys represented defendant in this court sufficient to allow meaningful review of whether, and if appropriate a finding that, the retained attorneys were paid fees that covered only services rendered in the district court (or

on the prior appeal), the retained attorneys did not agree to perform any services on the pending appeal in exchange for the fees that were paid, the fees that were paid did not exceed a reasonable fee for services rendered in the district court (or on the prior appeal), and the attorneys have been paid no amount for services on the pending appeal.

     3.  No further order will be entered by this court with respect to defendant's representation on appeal until the filing of either (a) a motion for leave for defendant's retained attorneys to withdraw and a motion for appointment of counsel properly supported as set forth in paragraph 2 above, (b) a motion for leave to proceed pro se on appeal, or (3) a notice of appearance by a substitute retained attorney.

     SO ORDERED this 19th day of May, 2005.

                                      s/Robert L. Hinkle
                                      Chief United States District Judge