IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**UNITED STATES OF AMERICA,**

vs.                                            Case No. 4:98cr46-RH
                                                     Case No. 4:07cv437-RH/WCS

**CLAUDE LOUIS DUBOC,**

     **Defendant.**

_____/


## REPORT AND RECOMMENDATION

Pending in this case is an amended motion to vacate and set aside a sentence filed by Claude Louis Duboc pursuant to 28 U.S.C. § 2255. Doc. 443. The United States filed a response. Doc. 445. Defendant filed a reply. Doc. 449.

**Procedural History**

Defendant was originally charged with seven offenses in this case. Count One charged a conspiracy with two criminal objects. Defendant was found guilty of conspiracy (18 U.S.C. § 371) to tamper with a witness (18 U.S.C. § 1512(b)(1)) (the second object of the conspiracy) and not guilty of conspiracy to bribe a public official. He was found guilty of Counts Two through Seven. Doc. 181 (verdict). The convictions for Counts Two through Seven were reversed on the first direct appeal. Doc. 386. The

conviction as to Count One was affirmed and is the only remaining conviction in this case. *Id.*

On December 29, 1998, Defendant was sentenced to life imprisonment in case number 1:94cr1009-MP. Doc. 379 on that docket. In the case at bar, Defendant was resentenced on February 2, 2005, to a consecutive term of five years, a fine of $250,000 (which was higher than the guideline range), three years of supervised release, and a special monetary assessment of $100. Doc. 403.

Defendant, *pro se*, took a second direct appeal from this sentence.[1] Doc. 433 (mandate); 2005 WL 4780401. Defendant argued, among other things, that it was error to be sentenced for violation of 18 U.S.C. § 371, and that he should have been sentenced for violation of 18 U.S.C. § 1512(b)(1) (the substantive object of the conspiracy). 2005 WL 4780401, *3. He also argued that the court erred by not giving him notice that a fine above the guideline range was contemplated, and that the court erred in failing to make specific findings in support of that departure. *Id.*, at *9-13.

These claims were rejected on appeal. Doc. 433 (mandate); also available in WestLaw, United States v. Duboc, 166 Fed.Appx. 441 (11th Cir. 2006). The Eleventh

---

[1] It is not clear why Defendant represented himself on this appeal. He had indicated his intent to either represent himself or, if approved, proceed with appointed counsel. Doc. 407. Defendant was granted leave to appeal *in forma pauperis* and the court deferred appointment of counsel. Doc. 414. That order stated that Defendant's attorneys, Stephen Bernstein and William Bubsey, remained his attorneys until they filed a motion to withdraw setting forth the financial arrangements that they had with Defendant with respect to taking an appeal, if any. *Id.* The court stated that it would take no further action with respect to representation of Defendant on appeal until either a motion to withdraw and a motion for appointment of a lawyer for Defendant had been filed, or a motion for leave to proceed *pro se* had been filed, or a notice of appearance and substitution of retained counsel had been filed. *Id.*, p. 4. The docket does not contain any of these sorts of motions.

Circuit held that "[b]ecause Duboc was convicted of conspiracy to tamper with a witness, as opposed to the substantive offense of tempering with a witness, the applicable statue for his offense was § 371, which provides for a maximum sentence of 60 months imprisonment."  Doc. 433, p. 6, p. 7 on the electronic docket (ECF).

     The Eleventh Circuit also held that this court did not err in the imposition of a sentence consecutive to the previously imposed life sentence in the 1994 case.  *Id.*, p. 7, p. 8 on ECF.  The court held that U.S.S.G. § 5G1.3 "is the relevant Guidelines provision in determining whether to impose a consecutive sentence on a defendant subject to an undischarged term of imprisonment."  *Id.*, at p. 4, p. 5 on ECF, *quoting*, United States v. Bradford, 277 F.3d 1311, 1317 (11th Cir. 2002).  The court said that subsection (a) of that guideline did not apply because Defendant committed this offense prior to being sentenced in the earlier case, that subsection (b) did not apply because the offenses in the earlier case were not "fully taken into account" in determining the offense level in this case, and therefore, subsection (c) governed this court's sentencing decision, allowing a consecutive or concurrent sentence to "achieve a reasonable punishment for the instant offense."  *Id.*, p. 7, p. 8 on ECF.  The court found that this court considered the guidelines and the factors listed in 18 U.S.C. § 3553(a) and found that a consecutive sentence was appropriate.  *Id.*

     The Eleventh Circuit determined that the notice which must be given before imposing a departure sentence (in this case, a departure fine) had not been given.  *Id.*, p. 9, p. 10 on ECF.  *See* Burns v. United States, 501 U.S. 129, 111 S.Ct. 2182, 115

L.Ed.2d 123 (1991).[2] This assumed error was reviewed for plain error since Defendant's attorney had not objected at sentencing. *Id.*, pp. 7-8, pp. 8-9 on ECF. The court noted that the guideline range established by U.S.S.G. § 5E1.2 was between $17,500 and $175,000. *Id.*, p. 8, p. 9 on ECF. The court determined that plain error had not been shown, reasoning:

> Nevertheless, the court's failure to give prior notice was not plainly erroneous because it is unclear whether *Burns*, which addressed an upward departure under a mandatory guideline scheme, still applies after the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738,160 L.Ed.2d 621 (2005). Additionally, Duboc failed to establish his substantial rights were affected since he offered no indication as to how he was prejudiced by the court's failure to give him notice and does not indicate that he would have been able to present any evidence or arguments in opposition to the fine had he been give prior notice. Furthermore, the district court did not plainly err by failing to make specific findings concerning each of the § 5E1.2(d) factors because the record in this case provides sufficient evidence to support a conclusion that the factors were considered in imposing the fine.

*Id.*, p. 9, p. 10 on ECF. The court said that the court did not plainly err in imposing a fine of $250,000, in light of the nature and circumstances of the instant offense, related conduct, the large sums of money involved in the instant case, and Defendant's history of hiding assets from the Government. *Id.*, pp. 9-10, pp. 10-11 on ECF.

---

[2] In <u>Burns</u>, the Court held that:

> before a district court can depart upward on a ground not identified as a ground for upward departure either in the presentence report or in a prehearing submission by the Government, Rule 32 requires that the district court give the parties reasonable notice that it is contemplating such a ruling. This notice must specifically identify the ground on which the district court is contemplating an upward departure.

501 U.S. at 138-139, 111 S.Ct. at 2187.

Case Nos. 4:98cr46-RH and 4:07cv437-RH/WCS

Defendant had also argued on appeal that his trial attorney was ineffective for failing to object or argue the issues raised on this appeal. *Id.*, p. 10, p. 11 on ECF. The court found the record insufficiently developed to consider this claim with respect to the *Burns* notice violation and the upward departure. *Id.*, p. 11, p. 12 on ECF. The court did consider, however, the claim that trial counsel was ineffective for failing to object that the court sentenced Defendant under the wrong criminal statue, calculated his sentence incorrectly, or should have imposed a concurrent sentence. *Id.* The Eleventh Circuit found those claims of ineffectiveness to be without merit for lack of prejudice since the underlying claims were without merit. *Id.*

**Law governing this motion**

Errors raised and disposed of on direct appeal are not considered on a § 2255 motion absent an intervening change of law. Davis v. United States, 417 U.S. 333, 342, 94 S.Ct. 2298, 2303, 41 L.Ed.2d 109 (1974); United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000) (citation omitted). "A rejected claim does not merit rehearing on a different, but previously available, legal theory." Nyhuis, 211 F.3d at 1343, citation omitted. If the issue was not raised and decided against Defendant on appeal, on the other hand, it is procedurally barred and will not be reviewed absent a showing of cause and prejudice. *Id.*, at 1344 (citations and footnote omitted). "Ineffective assistance of counsel may satisfy the cause exception to a procedural bar," but "the claim of ineffective assistance must have merit." Nyhuis, 211 F.3d at 1344, citation omitted. Ineffective assistance of counsel may be raised in a § 2255 motion, whether or not it

could be raised on direct appeal.  Massaro v. United States, 538 U.S. 500, 504, 123 S.Ct. 1690, 1693-1694, 155 L.Ed. 2d 714 (2003).

Ineffective assistance of counsel claims are governed by Strickland v. Washington, 466 U.S. 668, 690, 694, 104 S.Ct. 2052, 2066, 2068, 80 L.Ed.2d 674 (1984).  Under the two part test of Strickland, Defendant must demonstrate both deficient performance and prejudice to the outcome.

"A convicted defendant making a claim of ineffective assistance of counsel must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment."  466 U.S. at 690, 104 S.Ct. at 2066.  "Conclusory allegations of ineffective assistance are insufficient."  Wilson v. United States, 962 F.2d 996, 998 (11th Cir. 1992).  In reviewing the claim, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  Strickland, 466 U.S. at 690, 104 S.Ct. at 2066.

For prejudice, Defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Strickland, 466 U.S. at 694, 104 S.Ct. at 2068.

**Grounds One and Two**

Defendant poses his claims as questions.  The questions are construed as claims, given Defendant's *pro se* status.  Likewise, since trial error is not usually a claim that may be made on collateral review, and since Defendant seems to assert that the claims as articulated here were not presented before, or were inadequately preserved

for a direct appeal due to ineffective assistance of counsel, see doc. 443, ¶ 17, the claims are liberally construed as claims of ineffective assistance of counsel.

In Ground One, Defendant asserts that the court erred when, without prior notice, it imposed a fine exceeding the guideline range and made general assertions that the factors in 18 U.S.C. § 3553(a) were considered. Doc. 443, p. 4. He contends that his attorney was ineffective for failing to object to these errors. *Id.* In Ground Two, Defendant asserts that his appellate attorney was ineffective because he failed to show that Defendant's substantial rights were prejudiced by the court's failure to give him notice of intent to impose a fine above the guideline range. Doc. 443, p. 4.

As noted earlier, the claims in Ground One were rejected on direct appeal. The claims cannot be raised again by means of a § 2255 motion.

The claim of ineffective assistance of appellate counsel in Ground Two is without merit. Defendant waived any Sixth Amendment claim by representing himself on appeal. The claim was raised by Defendant *pro se* as well. If construed as a claim of trial attorney error for failing to preserve the issue for other than plain error review, it is precluded by Irizarry v. United States, __ U.S. __, 128 S.Ct. 2198, 2203, 171 L.Ed.2d 28 (June 12, 2008), *affirming*, 458 F.3d 1208 (11th Cir. August 1, 2006).[3] Irizarry held that after Booker, "the justification for our decision in Burns no longer exists." 128 S.Ct. at 2203. The Court noted that FED. R. CRIM. P. 32(h), which provides that the court must give reasonable notice to the parties if the court is contemplating a sentence that departs from the guideline range, was promulgated to implement the Burns decision

---

[3] Irizarry decided the question left open in Defendant's appeal, whether Burns had any further vitality after Booker.

when the guidelines were mandatory. *Id.*, at 2200. At that time, a departure sentence was strictly limited by the guidelines, while now that the guidelines are advisory and a "departure" is only a variance based on the sentencing factors in § 3553(a). *Id.*, at 2202-2203. Thus, there was no longer a need for strict compliance with prior notice to impose a variance sentence. *Id.*

Defendant was sentenced on February 2, 2005, after Booker was decided.[4] The lack of notice that he would be sentenced to a fine above the guideline range was not error. Hence, there could be no form of attorney error.

**Ground Three**

Defendant contends that his appellate counsel was ineffective for inadequately arguing that his sentence for conspiracy to tamper with a witness should have been pursuant to 18 U.S.C. § 1512(b) instead of 18 U.S.C. § 371. Doc. 443, pp. 4-5. Defendant represented himself on appeal, and raised the claim that he should have been sentenced under § 371 and the claim that trial counsel was ineffective for failing to make this objection. The Eleventh Circuit has considered and rejected that claim.

**Ground Four**

Defendant contends it was error to impose a consecutive sentence of 5 years following the life prison term. He argues that the offense for which this was imposed was attempted witness tampering. Pursuant to 18 U.S.C. § 3584, a consecutive sentence is not proper if the offense was an attempt. Doc. 443, p. 5. Though this is phrased as a claim of trial error, which should have been raised on direct appeal,

---

[4] Booker was decided on January 12, 2005. United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

Defendant also seems to bring this as a claim of ineffective assistance of counsel. *Id.*, ¶ 17.

It is unclear whether this claim was presented on appeal or whether it is a new claim. It is arguably a new claim, as it focuses on the argument that Defendant was convicted of an attempt. Defendant, however, seems to admit that the claim was previously rejected by the Eleventh Circuit. Doc. 449, pp. 1-2.

This claim was not in the original § 2255 motion, which was timely filed. Docs. 438-439. The amended motion, doc. 443, was not filed until January 7, 2008, (date of signing). Defendant sought certiorari review in the Supreme Court from the last appeal. Certiorari was denied on June 19, 2006. Duboc v. United States, 547 U.S. 1213 (2006). Rehearing was denied on October 16, 2006. Duboc v. United States, 127 S.Ct. 465 (2006). Defendant's conviction after resentencing became final on that date, and he had one year in which to file a § 2255 motion. 28 U.S.C. § 2255(f)(1); Clay v. United States, 537 U.S. 522, 527, 123 S.Ct. 1072, 1076, 155 L.Ed.2d 88 (2003) ("Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."). This new claim, which was not raised in the initial timely petition, does not relate back[5] and is untimely.

---

[5] An untimely § 2255 amendment will not "relate back" under Rule 15(c) unless the claim has "more in common with the timely filed claim than the mere fact that they arose out of the same trial and sentencing proceedings." Dean v. United States, 278 F.3d 1218, 1222 (11th Cir. 2002) (*quoting* Davenport v. United States, 217 F.3d 1341, 1344 (11th Cir. 2000)).

Case Nos. 4:98cr46-RH and 4:07cv437-RH/WCS

Even if the claim were timely, it was either decided by the Eleventh Circuit on appeal, or should have been presented on appeal, and cannot now be presented in a § 2255 motion. As the Eleventh Circuit held, Defendant was properly convicted of a conspiracy to commit the offense of tampering with a witness in violation of 18 U.S.C. § 371. Section 3584(a) provides in part that in sentencing, "the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt." Defendant was convicted of a violation of § 371, not an attempt. From every perspective, Ground Four affords no relief.

## Conclusion

For these reasons, it is **RECOMMENDED** that Defendant's motion to vacate and set aside a sentence filed pursuant to 28 U.S.C. § 2255, doc. 443, be **DENIED WITH PREJUDICE**.

**IN CHAMBERS** at Tallahassee, Florida, on December 9, 2008.


                                          s/    William C. Sherrill, Jr.
                                          **WILLIAM C. SHERRILL, JR.**
                                          **UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case Nos. 4:98cr46-RH and 4:07cv437-RH/WCS