# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 4:98cr46-RH
4:07cv437-RH/WCS

CLAUDE LOUIS DUBOC,

    Defendant.

_____/

## ORDER DENYING § 2255 MOTION

This case is before the court on the magistrate judge's report and recommendation. (Document 450.) No objections have been filed. The report and recommendation is correct in all respects and is adopted as the opinion of the court, with this additional note.

One of the defendant Claude Louis DuBoc's assertions is that the sentence in this case was improperly made consecutive to the life sentence in a separate case. Mr. DuBoc relies on 18 U.S.C. § 3584(a). Under that statute, consecutive sentences cannot be imposed "for an attempt and for another offense that was the sole objective of the attempt." But the conviction in the case at bar was for

conspiracy, not for an attempt, and more fundamentally, it was not for a conspiracy or attempt *to commit the offense that was the subject of the other conviction*.

Mr. DuBoc was sentenced in this case for conspiracy to tamper with a witness. He was convicted in the other case not for tampering with a witness—the object of the conspiracy in the case at bar—but for conspiracy to import marijuana and conspiracy to launder monetary instruments. *See United States v. DuBoc*, No. 1:94cr1009 (N.D. Fla. Dec. 30, 1998) at 1 (unpublished Judgment in a Criminal Case). The § 3584(a) restriction on consecutive sentences does not apply in these circumstances.

To be sure, the witness with whom Mr. DuBoc conspired to tamper was a witness in the other case. But that does not preclude the imposition of consecutive sentences. Indeed, if one could tamper with a witness with no possibility of a consecutive sentence, a guilty defendant would have little reason not to try it.

As a matter of discretion, I chose to impose a consecutive sentence in this case. Mr. DuBoc's challenge to the consecutive sentence is procedurally barred for the reasons set forth in the report and recommendation. And the challenge would fail on the merits anyway. The consecutive sentence was fully consistent with § 3584(a).

For these reasons and those set forth in the report and recommendation,

IT IS ORDERED:

The report and recommendation is ACCEPTED.  The clerk must enter judgment stating, "The defendant's motion for relief under 28 U.S.C. § 2255 (document 443) is DENIED WITH PREJUDICE."  The clerk must close the file.

SO ORDERED on January 21, 2009.

                                            s/Robert L. Hinkle
                                            Chief United States District Judge